IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONAVIN BEERS, <br><br> Plaintiffs, <br><br> v. <br><br> CORRECTIONS OFFICER HARRISON <br><br> Defendants | Case No.: <br><br> Civil Action <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Donavin Beers by and through his undersigned counsel alleges against Defendant Corrections Officer Harrison as follows:

### NATURE OF CASE

1. This is an action for money damages and other relief, arising from the serious physical and emotional injuries sustained by Plaintiff as a result of a conspired assault which occurred on May 2, 2020 at Northumberland County Jail. Plaintiff asserts that his injuries were caused by Defendant's violations of his constitutional rights.

### PARTIES

2. Plaintiff Donavin Beers ("Mr. Beers") is an adult citizen of the Commonwealth of Pennsylvania, currently being housed at Quehanna Boot Camp located at 4395 Quehanna Highway, Kathaus, PA 16845, and otherwise permanently domiciled at 208 Main Street, Turbotville, PA 17772.

3. Defendant Corrections Officer Harrison ("Harrison") is, and at all material times hereto, has been employed as a corrections officer at Northumberland County Jail located at 720 Northumberland County Drive, Coal Township, PA 17866.

1

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is vested in this court by virtue of the presence of federal questions pursuant to 28 U.S.C. § 1331.

5. At all material times hereto, Defendant acted pursuant to or under color of state law, as those terms are defined by 42 U.S.C. § 1983.

6. Venue in this judicial district is appropriate because all parties are located therein, and all acts and events material to the claim occurred therein.

## FACTUALY ALLEGATIONS

7. At all relevant times hereto, Mr. Beers was incarcerated at Northumberland County Jail.

8. At all relevant times hereto, Mr. Beers shared a cell with inmate Vitrano, which was located on the top tier.

9. At all relevant times hereto, inmates Gray and Medina shared a cell which was also located on the top tier.

10. At all relevant times hereto, inmates Gray and Medina were designated as "orderlies" at the jail.

11. "Orderlies" are inmates who are given special privileges and duties and are permitted to be out of their cell to perform certain jobs such as serving food trays, sweeping, and mopping.

12. The Northumberland County Jail has an inmate capacity of 284.

13. There are only approximately six (6) inmates who are granted the privilege of being an "orderly".

14. At all relevant times hereto, inmates Gray and Medina were two (2) of those six (6) inmates who held this special position.

15. Because of this special position, inmates Gray and Medina developed and maintained a special relationship with the corrections officers at Northumberland County Jail, including but not limited to Defendant Harrison.

16. Such special relationships are inappropriate and not permitted between corrections officers and inmates pursuant to Pennsylvania Department of Corrections Code of Ethics.

17. Specifically, Pennsylvania Department of Corrections Code of Ethics section B(6) mandates that "[t]here shall be no fraternization or private relationship of staff with inmates, parolees, or members of their families."

18. At all relevant times hereto, Defendant Harrison was an employee of the Pennsylvania Department of Corrections working as a corrections officer at Northumberland County Jail.

19. On May 2, 2020, Mr. Beers's cellmate, inmate Vitrano, suspected that inmates Gray and Medina took his tobacco.

20. In response to this suspicion, Mr. Beers told inmate Medina that he was a "rat", which angered him.

21. According to a Northumberland County Jail disciplinary report:

> [A]s the day went on these four inmates gray, medina, vitrano, and beers were all going at it. Beers and vitrano were saying how gray and medina were "rats" and gray and medina saying that the chance they got they were gonna settle it. Medina had come up to [Corrections Officer Adams] and [Corrections Officer] Harrison…and said turn away and let me have 5 minutes with them…

> ...Harrison informed [Corrections Officer Adams] that inmate medina told him the fight was gonna happen and Harrison told him that if [Corrections Officer] Adams sees anything he is gonna report it...

22. Later that evening, it was time to let top tier inmates out of their cell, which is where Mr. Beers and inmates Vitrano, Gray, and Medina were all housed.

23. The top tier cells are controlled by an electronic computer system.

24. Typically, when inmates are released from their cells, all cell doors open at the same time; not necessarily simultaneously, but within seconds from one another.

25. On this particular evening, all top tier cell doors were opened, except that of Mr. Beers and inmate Vitrano's.

26. At this relevant time, Defendant Harrison was in charge of operating the electronic computer system that opened the cell doors.

27. Defendant Harrison deliberately delayed opening Mr. Beers and inmate Vitrano's cell door in order to facilitate a confrontation with inmates Gray and Medina.

28. The delay in opening Mr. Beers and inmate Vitrano's cell door permitted inmates Gray and Medina to position themselves in front of Mr. Beers and inmate Vitrano's cell.

29. Enough time elapsed so that no one else was on the top tier except for the four of them, and corrections officer Adams. All other inmates proceeded down three levels to the bottom tier.

30. Mr. Beers and inmate Vitrano's cell door was still closed during this entire time, with inmates Gray and Medina waiting right outside of it.

31. Mr. Beers tried buzzing the emergency button several times because he reasonably anticipated that inmates Gray and Medina were waiting to attack him and his cellmate.

32. However, there was no response to his emergency calls.

33. Inmates Gray and/or Medina eventually signaled to Defendant Harrison to finally open Mr. Beers and inmate Vitrano's cell door, which he did.

34. When this happened, inmates Gray and Medina rushed into the cell and started violently attacking Mr. Beers.

35. Inmate Vitrano ran under the bed to protect himself.

36. Inmates Gray and Medina continuously and brutally attacked Mr. Beers, landing countless punches and kicks to his head and other parts of his body, and attempting to gouge his eyeballs out.

37. Eventually, a sergeant officer responded, broke up the fight, and took Mr. Beers to a nurse who cleaned up the abundant amount of blood that was all over him, and documented his gruesome injuries.

38. Another corrections officer then escorted Mr. Beers to the hospital so that his injuries could be treated.

39.  The attack resulted in serious physical and emotional injuries to Mr. Beers including but not limited to a traumatic brain injury and a deep laceration to his eye requiring stiches.

40. As a result of the incident, Mr. Beers received a disciplinary report and was charged with interference with operations, interference with staff member, and fighting-boxing, wrestling, sparing, and any other form of physical encounter.

41. Upon information and belief, inmates Gray and Medina also received disciplinary charges and were placed in "lock down".

42. However, even though they were in "lock down", when they were summoned to appear before the disciplinary board, they were not cuffed or shackled, which is the protocol for any inmate who is in "lock down". Thus, demonstrating another example of the special treatment they received.

43. Mr. Beers filed a grievance indicating that Corrections Officers Harrison and Adams had prior notice about this physical assault and permitted it to occur.

44. Mr. Beers indicated in his grievance that he complained to both Corrections Officer Harrison and Adams about what transpired, and that in response, Corrections Officer Harrison apologized, and Corrections Officer Adams "put the blame on Harrison".

45. The Northumberland County Jail investigator's findings were that they "never received a request from [Mr. Beers] requesting protective custody." Therefore, no responsive actions were taken.

46. Mr. Beers continues to suffer from frequent and persistent headaches and memory issues, and also has a permanent disfigurement in his right eye. In addition, he suffers from permanent emotional injuries stemming from the violent assault.

## CAUSE OF ACTION

### COUNT I: 42 U.S.C. § 1983
### Plaintiff v. Defendant Corrections Officer Harrison

47. Plaintiff hereby incorporates the allegations set forth above as if fully set forth herein.

48. With willful disregard or deliberate indifference to the safety of Plaintiff, Defendant Harrison knowingly permitted and assisted inmates Gray and Medina in physically assaulting Plaintiff.

49. As a foreseeable and direct result of Defendant Harrison's acts, Plaintiff suffered severe permanent physical and emotional injuries as described hereinabove.

50. Defendant Harrison engaged in the foregoing conduct in his capacity and through use of his authority as a Northumberland County Jail Corrections Officer, placing Plaintiff in extreme risk of the harm that befell him, which otherwise would not have existed.

51. Defendant Harrison engaged in his reckless and deliberately indifferent conduct in circumstances in which he was not required to act under any pressure or stress, but which instead provided him ample opportunity to act in a safe and appropriate manner.

52. Defendant Harrison's conduct was shocking to the ordinary conscience, and violated Plaintiff's constitutional right to substantive due process under the Fourteenth Amendment and his constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment.

53. As a result, Plaintiff suffered the harms and damaged alleged hereinabove.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Honorable Court to:

    a. Enter judgment in his favor against Defendant;

    b. Award compensatory damages;

    c. Award punitive damages;

    d. Award Plaintiff attorney fees and costs pursuant to 42 U.S.C. § 1988;

    e. Award such interest and other costs as the law permits; and

    f. Provide any other such relief at this Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**WILLIAMS CEDAR, LLC**

Dated: January 15, 2021

/s Gerald J. Williams
Gerald J. Williams, Esq.
1515 Market Street, Suite 1300
Philadelphia, PA 19102
(215) 557-0099
(888) 311 4899 fax
gwilliams@williamscedar.com
Attorney for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donavin Beers

### DEFENDANTS
Corrections Officer Harrison

**(b)** County of Residence of First Listed Plaintiff: **Clearfield**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northumberland**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald J. Williams, Esq., Williams Cedar, LLC 1515 Market Street, Suite 1300, Philadelphia, PA 19102
215-557-0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | [ ] 362 Personal Injury - Medical Malpractice | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Violation of 14th and 8th Amendment of U.S. Constitution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/21/2021

SIGNATURE OF ATTORNEY OF RECORD
*Gerald J. Williams*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.